## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Russell Fortney, | Civil Action No. |
| Plaintiff, | |
| – against– | *16 cv 4822* |
| Chase Bank USA, N.A., Experian Information Solutions, Inc., and Trans Union LLC, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Russell Fortney (hereinafter "Plaintiff"), by and through his attorney, Fedor Kozlov, Esq., by way of Complaint against Defendants, Chase Bank USA, N.A. ("Chase"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Transunion"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

## PARTIES

2.  Plaintiff, Russell Fortney, is an adult citizen of the state of Illinois domiciled in Havana, IL.

3.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4.  Defendant Chase is a corporation business entity organized and existing under the laws of Delaware that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 201 North Walnut Street, Wilmington, DE 19801.

5.  Defendant Experian is a corporation organized and existing under the laws of Ohio that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

6.  Defendant Transunion is a limited liability company organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over Defendants because Defendants are either domiciled in Illinois and/or continuously do business in Illinois.

8.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681

may be brought in any appropriate United States district court, without regard to the amount in controversy.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

10. Defendant Chase issued a credit card account ending in 3867 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

11. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

12. On or about September 25, 2015, Plaintiff and Chase, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached herein as Exhibit A.

13. Pursuant to the terms of the settlement, Plaintiff was required to make two (2) payments totaling $1,736.16 to settle and close his Chase account.

14. In addition, the agreement indicated that Chase would report this account as "settled" upon successful completion of the settlement agreement.

15. Plaintiff, via her debt settlement law firm, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, timely made the settlement payment. Proof of these payments is attached herein as <u>Exhibit B</u>.

16. However, Plaintiff's Chase account is still being negatively reported.

17. In particular, on a requested credit report dated March 7, 2016, Plaintiff's Chase account was reported with a status of "PAID CHGOFF." The relevant portion of Plaintiff's credit report is attached herein as <u>Exhibit C</u>.

18. This trade line was inaccurately reported. As evidenced by the settlement agreement and proof of payment, the account was settled for less than full balance and must be reported as such.

19. Plaintiff notified Defendants directly of a dispute on the Chase account's completeness and/or accuracy. This letter and the certified mail receipt is attached herein as <u>Exhibit D</u>.

20. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Chase to the Consumer Reporting Agencies, Experian and Transunion, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

21. Plaintiff complied fully with the settlement agreement; Plaintiff's settlement payments were received by Chase on the settlement due dates, and as such Chase must report the account as settled, in accordance with the settlement agreement.

22. On April 11, 2016, Plaintiff requested an updated credit report for review. The tradeline for the Chase account in question remained the same as the March 7,

2016 credit report, as Chase failed to correct the inaccuracy. The April 11, 2016 credit report is attached herein as <u>Exhibit E</u>.

23. Experian and Transunion did not notify Chase of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Chase and Chase failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

24. If Chase did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Chase account would be updated to reflect a "settled" status.

25. Chase has promised through its subscriber agreements or contracts to accurately update accounts but Chase has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

26. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Experian and Transunion.

27. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

29. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

30. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

31. Transunion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

32. Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

33. Chase is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

34. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

35. Chase failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

36. Chase failed to update Plaintiff's credit report and/or notify the credit bureaus that the Barclays account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

37. Chase failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

38. Experian and Transunion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

39. Experian and Transunion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

40. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

Fedor Kozlov,
Attorney for Plaintiff

Fedor Kozlov, Esq.
Attorney for Plaintiff
1900 E. Algonquin Road, Suite 230
Schaumburg, IL 60173
Tel (847) 241-1299
Fax (847) 241-1166

# EXHIBIT A

 **CHASE** 

Cardmember Service
P.O. Box 15548
Wilmington, DE 19886-5548

**Questions?**
☎ 1-877-236-8491
📱 1-800-955-8060

MR/MS RUSSELL L FORTNEY
C/O JULIE ELIZABETH CRABBE
2081 EAST 8TH STREET
BROOKLYN NY 11223

September 25, 2015

## Update:          **Settlement Agreement Confirmation**

Your account ending in: 3867

Dear MR/MS RUSSELL L FORTNEY :

We're writing to confirm your acceptance of our settlement agreement in the amount of $1736.16. Please review the details about this agreement below.

**Important information about your settlement agreement**

- We want you to know that this debt settlement may affect your ability to open a new account or borrow money from Chase in the future. In most cases, Chase does not approve applications from customers who haven't paid the account balance back in full – even when an agreement is made for a partial payment to satisfy a debt.
- We'll report your account to the credit reporting agencies to reflect a zero ($0.00) balance due and "settled" after all required payments have successfully posted to your account.
- If the canceled debt on your account is $600 or more, we may be required to report it to the Internal Revenue Service (IRS) and you may receive an IRS Form 1099-C. If the canceled debt is $10,000 or more, all account holders responsible for payment of the debt may receive a Form 1099-C. Chase will issue a Form 1099-C based on IRS requirements for reporting canceled debt for the appropriate tax year.
- All efforts to collect on your account will stop as long as you meet the terms of your settlement agreement
- We must receive a total amount of $1736.16 by the due dates provided in the payment schedule or your account will be considered in default of our agreement.
- If you don't successfully complete the terms of this agreement, we may send your account to a debt collection agency.

**Here's your payment schedule**

| DATE DUE | PAYMENT AMOUNT |
|---|---|
| 10/04/2015 | $868.08 |
| 10/24/2015 | $868.08 |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |

**Total Payments**: [$1736.16]

**Important information about making your payments**

- If you have already made your first payment, please make your remaining payments based on the payment schedule.
- To schedule automatic payments, please call us at 1-866-560-9081. If it's more convenient, you can mail your payments to:

> Cardmember Services
> P.O. Box 15548
> Wilmington, DE 19886-5548

**We may contact you about making payments if any of the following happens**

- You don't make each required payment by the due date listed in your payment schedule.
- We receive a payment less than the payment amount listed in your payment schedule.
- Your payment is returned and we don't receive a replacement payment.

**We're here to help**

If you have questions, please call us at 1-866-560-9081. We're available Monday through Friday from 8 a.m. to 8 p.m. and Saturday from 8 a.m. to 5 p.m. Eastern Time.

Sincerely,

Customer Support Team

The IRS requires us to report canceled debts through the Form 1099-C. We'll send you a copy of the Form 1099-C if we filed it to report your debt.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Chase Bank USA, N.A. is the owner of the account.

# EXHIBIT B

2016-03-02 04:59 PM

## FEDERAL RESERVE SYSTEM
FedACH
Item Detail

### Item Information

Originator ABA: 021000021

Receiver ABA: 111000753

Individual Name: 5558106654386799

Individual ID No: 2364129855

Trace Number: 1527100810602929

Account Number: 0000000188153075

Trans Code: 27

Amount: $868.08

Description:

### Output Batch Information

Company Name: CHASE

Service Class: 200

SEC Code: TEL

Company Entry Description: EPAY

Batch Number: 87

Company ID: 5760039224

Effective Entry Data: 9/28/2015

Settlement Date: 9/28/2015

## Check Image Inquiry Results

| Account # | Check # | Amount | Paid Date | Sequence # |
|---|---|---|---|---|
| 1881553075 | 139442 | $868.08 | 10/27/2015 | 976806042 |





# EXHIBIT C

| B | B | CHASE 4266841066543867 ACCOUNT CLOSED BY CONSUMER | 11/15 | 10/05 10/15 | $4200 REV | $0 $0 | $0 | 1 | 1 | 4 | PAID CHGOFF XP/TU |

# EXHIBIT D

# Law Office of Fedor Kozlov

## Attorney At Law



www.nslslaw.com

1990 E. Algonquin Rd, suite 230
Schaumburg, IL 60173
**Phone:** 847-241-1299
**Fax:** 847-241-1166

1000 Essington Road
Joliet, IL 60435
**Phone:** 708-350-4182
**Fax:** 847-241-1166

March 6, 2016

**VIA CERTIFIED MAIL**

Transunion Consumer Solutions
P.O. Box 2000
Chester, PA 19016

Experian
475 Anton Blvd
Costa Mesa, CA 92626

Chase Bank USA, N.A.
PO Box 15548
Wilmington, DE 19886

Re:        Russell Fortney
Creditor:     Chase Bank USA, N.A.
Account No.:   Ending in 3867

Dear Sir and/or Madam,

Please be advised that this office was retained to represent Mr. Russell Fortney with respect to his claims for breach of contract, violations under the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA"), and other claims related to unlawful credit reporting practices.

On September 25, 2015, Mr. Fortney and Chase Bank USA, N.A. ("Chase"), entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached herein for your review. Pursuant to the terms of the settlement, Mr. Fortney was required to make two (2) payments totaling $1,736.16 to settle and close his Chase account. In addition, the agreement indicated that the account would be reported as 'settled' upon successful completion of the settlement agreement. Mr. Fortney, via his debt settlement law firm, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, timely made the settlement payments. Proofs of these payments are attached herein for your review.

However, months later, Mr. Fortney's Chase account is still being negatively reported. In particular, on a requested credit report dated March 7, 2016, Mr. Fortney's Chase account was reported with a status of "PAID CHGOFF." The relevant portion of Mr. Fortney's credit report is attached herein for your review. This trade line was inaccurately reported. As evidenced by the settlement agreement and proof of payment, the account was settled in full and must be reported as such.

The actions of Chase constitute a breach of contract and a breach of the implied covenant of good faith and fair dealing. We are willing to settle this matter today for $4,500.00. In addition, please take notice that this dispute is made pursuant to 15. U.S.C. § 1681i under the FCRA. Therefore, if this inaccuracy is not corrected within (30) days, we will pursue further legal process on behalf of our client.

Thank you for your prompt attention to this important matter.

Very truly yours,

Fedor Kozlov, Esq.

7014 2870 0000 2486 7136

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 0.49 | Russel fortehy |
| Certified Fee | $6.00 | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 6.49 | |

Sent To  Transunion  Consumer  Solutions
Street & Apt. No., or PO Box No.  P.O. Box 2000
City, State, ZIP+4  Chester, PA 19016

PS Form 3800, July 2014          See Reverse for Instructions

---

7014 2870 0000 2486 7129

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 0.49 | Russel fortehy |
| Certified Fee | $6.00 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 6.49 | |

Sent To  Experian
Street & Apt. No., or PO Box No.  475 Anton Blvd.
City, State, ZIP+4  Costa Mesa, CA 92626

PS Form 3800, July 2014          See Reverse for Instructions

# EXHIBIT E

B   B   CHASE
        4266841066543867          11/13   10/05   $4200   $0      $0              PAID CHGOFF
                                          10/15   REV     $0                      XP/TU
        ACCOUNT CLOSED BY CONSUMER